IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED NATIONAL INSURANCE
CO., et al.,

                Plaintiffs,

    v.

AON LTD., et al.,

                Defendants.

Civ. No. 04-539

**MEMORANDUM / ORDER**

September 18, 2008                                                                                    Pollak, J.

      The court has before it extensive filings, submitted on the eve of trial, regarding over 200 outstanding evidentiary disputes (Docket Nos. 145-46 and accompanying appendices). They will be treated as cross-motions in limine to exclude evidence. The court has reviewed the briefings and appendices, as well as its own previous evidentiary decisions and guidance in this case, and will now rule on the conflicts in the groupings presented by the parties. In an effort to permit the parties to prepare for trial efficiently, this memorandum/order will address challenges to alleged admissions by plaintiffs and all challenges to proposed trial exhibits. The court will address objections to proposed deposition testimony and demonstrative exhibits in a later memorandum/order.

I.      **Alleged Admissions by Plaintiffs**

Defendants seek to admit a series of excerpts (from filings and arguments) from earlier arbitration between RAS and UNG. Defendants assert that each excerpt comprises a proper admission under Fed. R. Evid. 801(d)(1). Plaintiffs counter that the disputed evidence falls outside of the narrow band of admissions of fact permitted by this court's opinion of August 7, 2008 (Docket No. 140) and established case law regarding use of arbitration records in subsequent proceedings. Plaintiffs also, in some cases, have not objected to proposed admissions but instead require, under Fed. R. Evid. 106, that the jury hear a fuller presentation from the record or the recitation of a supplemental excerpt to ensure a fair presentation of the admission. Relying on and incorporating its August 7 decision, the court takes each alleged admission in turn.[1]

Alleged Admissions by Lawyers.

1.  Inadmissible. All of the statements herein comprise arguments and not factual admissions.

2.  Inadmissible. All the statements herein comprise arguments, except footnote 16 on page 22 of the excerpt, which appears factual in nature. However, the court finds that this statement is offered as support for the argument in the body of the text above it and thus comprises an extension of that argument and not an independent factual admission.

3.  Inadmissible. All of the statements herein comprise arguments and not factual

---

[1] The parties collaborated on hefty joint appendices containing all the disputed evidence. Apparently, they were unable to agree as to the form for the first volume, containing alleged admissions by the plaintiffs United National, et al. For the determination of these issues, the court relied on both parties' appendices, but will refer to the admissions categories and numbers propounded by the plaintiffs in their memorandum of law (Docket No. 146) and appendix.

admissions.

4. Inadmissible. All of the statements herein comprise arguments and not factual admissions.

5. Inadmissible. This group of statements poses the greatest difficulty. Many of them appear, out of context, to be clear factual admissions. They are, however, headings to lengthy sections in UNG's arbitration briefs. In reviewing these statements, it quickly becomes clear that they are offered as summary conclusions argued by that party from a complex analysis of the facts and various allegations. The court cannot thereby recognize them as admissions of fact. In addition, the final set of statements propounded as admissions here by the defendants comprise a legal heading, a conclusion drawn from an expert report used during the arbitration and previously excluded from evidence by this court (Opinion of August 7, 2008 at 19 excluding the Gentry report), and legal conclusions. This cobbled-together "admission" must be excluded from trial as it represents, minimally, both legal argument and a proposal to admit material already deemed unduly prejudicial.

6. Inadmissible. All of the statements herein comprise arguments and not factual admissions.

7. Inadmissible. All of the statements herein comprise arguments and not factual admissions.

8. Inadmissible. On its face, this statement appears to represent a factual conclusion by UNG of their well-considered belief. On closer scrutiny, however, it serves as a bridging proposition within a legal argument offered by UNG's counsel in his summation, and also represents a proposed conclusion offered to the arbitrators rather than a clear admission of fact. Under this court's opinion of August 7, 2008, this statement must be excluded.

Alleged Testimonial Admissions

1. Admissible, and the court grants plaintiffs' request that, under Fed. R. Evid. 106, defendants be required to read 134:5 - 136:4 to the jury when they present their desired excerpt from this deposition.

2. Admissible, and the court grants plaintiffs' request that, under Fed. R. Evid. 106, defendants be required to read 4:17-22, 5:9 - 6:5, 59:11 - 61:4, 92:10-15, and 93:2-

11 to the jury when they present the first segment from the deposition and 148:24 - 149:8 when they present the second segment from the deposition.

3. Inadmissible. Defendants have not established the relevance of this segment of the deposition, and therefore the court will exclude it under Fed. R. Evid. 402.

4. Admissible, and the court grants plaintiffs' request that, under Fed. R. Evid. 106, defendants be required to read the entirety of Trial Exhibit 364 when they present the first segment from the hearing transcript and 329:2-14, 334:4-13, and 357:1-5 from Seth Freudberg's deposition of Nov. 16, 2006 when they present the second segment. Plaintiffs have requested that another segment from the Freudberg deposition of Nov. 16, 2006 (393:21-23, 394:17 - 395:5, and 395:15 - 398:7) be read when the third segment of the hearing segment at issue is presented. Plaintiffs must establish, at trial, that this segment ought in fairness to be considered contemporaneously.

## II. **Defendants' proposed trial exhibits objected to by plaintiffs**

Plaintiffs object to a small group of defendants' proposed trial exhibits, all of which arise from the UNG/RAS arbitration that preceded this litigation. The arguments here resemble those concerning the alleged admissions, and the court again incorporates its August 7, 2008 decision into the following rulings. All exhibit numbers refer to the defendants' pre-trial exhibit numbers, which are reflected in the parties' filings on these issues.

281. Inadmissible. This exhibit comprises a summary legal argument from the arbitration. The court already has established that it will not allow the jury to "sift through the arbitration record to divine what the arbitrators were thinking." Opinion of August 7, 2008 at 15 (Docket No. 140). As this exhibit poses a clear risk of precipitating such mystical prognostication, the court will exclude it.

282. Inadmissible. This exhibit comprises a summary legal argument from the arbitration. The court will exclude it for the same reasons as Ex. 281.

288. Inadmissible. This signed declaration represents hearsay under Fed. R. Evid.

        801(c). It does not fall under Fed. R. Evid. 801(d)(2) as a non-hearsay statement adopted by a party-opponent, nor does it fall under any other hearsay exception. As all parties to this lawsuit had the opportunity to develop the declarant's testimony on the issues, the court will exclude this exhibit from evidence.

296.    Inadmissible. This exhibit comprises detailed legal arguments from the arbitration. The court will exclude it for the same reasons as Ex. 281.

298.    Inadmissible. This exhibit comprises detailed legal arguments from the arbitration. The court will exclude it for the same reasons as Ex. 281.

299.    Plaintiffs' memorandum (Docket No. 146) lists this exhibit as the entire arbitration transcript, but raises no specific objection except to say that it (i) stands by previous rulings regarding this exhibit and (ii) awaits the court's decisions on other specific objections from this round of disputes. The court thereby makes no broad ruling on this exhibit beyond what appeared in the August 7, 2008 opinion and the court's decisions on the current disputed particulars.

326, 327.    The defendants assert in their memorandum (Docket No. 145) that they intend to make use of English court decisions previously challenged by plaintiffs. The court writes here only to state that it stands by the August 7, 2008 decision on these documents. Parties may use them only in the manner described, and the court will issue a limiting instruction to the jury prior to their admission.

### III.    <u>Plaintiffs' proposed trial exhibits objected to by defendants</u>

Defendants have lodged objections to ninety-six of plaintiffs' proposed trial exhibits on a variety of grounds. For the large majority, the court will rule the evidence admissible and find the plaintiffs' explanations and arguments in their memorandum (Docket No. 146) sufficient under the Federal Rules of Evidence for inclusion of the exhibits at trial. Challenged evidence that the court deems inadmissible is listed below along with the reason for its exclusion. The court also has listed exhibits that will only be admitted upon further action by the plaintiffs at trial. If the plaintiffs cannot meet the

requirements stated below, such evidence will be excluded. In short, if a challenged exhibit is not listed here, it is admitted; if it is listed, the court's decision on that item follows the number. All exhibit numbers refer to the plaintiffs' pre-trial exhibit numbers, which are reflected in the parties' filings on these issues.

45.  Inadmissible without further authentication. Plaintiffs argue that Fed. R. Evid. 901(b)(4) permits "distinctive characteristics" of evidence to serve as authentication, taken in conjunction with the circumstances. Such characteristics and circumstances are insufficient for authentication here. While the item bears similar features as other admissible evidence or some form of "distinctive markings," the broader circumstances do not suggest reliability and authenticity. Other challenged evidence under review here, and deemed admissible by the court, offered additional support for admissibility such as: (i) its production by an opposing party; (ii) its existence in files of both plaintiffs and defendants; (iii) recognition of it by a deponent in this lawsuit; or (iv) other valid circumstantial considerations beyond mere like-appearance to other documents. If plaintiffs can provide further authentication of this exhibit at trial, the court may admit it.

105.  Inadmissible without further authentication. The court will exclude this exhibit for the same reasons as Exhibit 45 unless plaintiffs can provide further authentication at trial.

135.  Inadmissible without further authentication. The court will exclude this exhibit for the same reasons as Exhibit 45 unless plaintiffs can provide further authentication at trial.

368.  Inadmissible without further authentication. The court will exclude this exhibit for the same reasons as Exhibit 45 unless plaintiffs can provide further authentication at trial.

511.  Inadmissible under Fed. R. Evid. 402. No part of this document links its contents directly to the issues of this lawsuit. On its face, it concerns the insurance program only in the years 1994-95. Plaintiffs' argument that the "uniform approach" statement constitutes a broader admission, one that would include the time and activities in controversy here, is unsupported by the document itself.

512.  Inadmissible under Fed. R. Evid. 402 for the reasons stated under Ex. 511.

526. Inadmissible under Fed. R. Evid. 402. This e-mail, written in 1995, does not indicate the time frame or specific activities described. The related deposition testimony, which the court will also exclude, likewise fails to place this communication in the time frame at issue in this lawsuit, even by broad suggestion. Consequently, the court will not admit this evidence without further proof that it describes relevant circumstances.

533. Inadmissible without further authentication. This business letter was not authenticated as required by Fed. R. Evid. 901. The court finds unpersuasive plaintiffs' argument that the deposition testimony by Mr. Harrell, regarding his attendance at the meeting described, sufficiently authenticates this document. If plaintiffs can provide further authentication of this exhibit at trial, the court may admit it.

544. Inadmissible under Fed. R. Evid. 402. No part of this document links its contents to the issues of this lawsuit. This e-mail, written in 1996, contains a statement about the close connection between different entities, but does not suggest clearly whether this "unanimity" is broad and general or more specific to the issues discussed in the previous (included) e-mail. Consequently, the court cannot admit this evidence without further proof that it describes relevant circumstances.

571. Inadmissible unless plaintiffs are able to present a suitable foundation for this exhibit during Kevin Tate's testimony at trial.

598. Inadmissible unless plaintiffs are able to present a suitable foundation for this exhibit during Kevin Tate's testimony at trial.

620. Inadmissible without further authentication. Plaintiffs obtained this (seemingly relevant) document from the defendants during discovery but failed to offer any other reasons beyond this for its admissibility. The court agrees that, without more foundation, it is unclear whether this document represents valid policy. The court will exclude this exhibit unless plaintiffs can provide such foundation at trial.

635. Inadmissible without further authentication. The court will exclude this exhibit for the same reasons as Exhibit 45 unless plaintiffs can provide further authentication at trial.

715. Inadmissible without further authentication. The court will exclude this exhibit for the same reasons as Exhibit 45 unless plaintiffs can provide further authentication at trial.

760.   Inadmissible unless plaintiffs are able to present a suitable foundation for this exhibit during Edward McKinnon's testimony at trial.

### IV.   Conclusion

AND NOW, for the reasons stated above, it is hereby ORDERED that plaintiffs' and defendants' cross-motions in limine are GRANTED IN PART and DENIED IN PART as to objections to proposed admissions and proposed trial exhibits. Evidence challenged in these cross-motions will be excluded from trial only as enumerated above.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.