IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED NATIONAL INSURANCE
CO., et al.,
               Plaintiffs,

v.

AON LTD., et al.,
               Defendants.

Civ. No. 04-539

MEMORANDUM / ORDER

September 19, 2008                                                        Pollak, J.

      This memorandum/order represents a continuation of the court's order of September 18, 2008 regarding the parties' cross-motions in limine on pre-trial evidence disputes. This document thereby incorporates that order as well as the court's August 7, 2008 opinion on evidence disputes (Docket No. 140). This memorandum/order will address objections to proposed deposition testimony and demonstrative exhibits.

**I.**    **<u>Defendants' proposed deposition testimony objected to by plaintiffs</u>**

      Plaintiffs object to eighteen segments or groups of segments of defendants' proposed deposition testimony. Where a challenged segment is not listed below, the court rules the evidence admissible and finds the defendants' explanations and arguments in

their memorandum (Docket No. 145) sufficient under the Federal Rules of Evidence for inclusion of the testimony at trial. The court will use the numbers assigned to these segments in the plaintiffs' memorandum (Docket No. 146) and not enumerate the exact location of the testimony in the record—except where a portion of a disputed group is admitted while another portion is excluded.

Casati 1. Inadmissible under Fed. R. Evid. 402 and 403. The court agrees with the plaintiffs that these segments probe issues of a "special relationship" that are irrelevant to the law at issue in this case. The Restatement (Second) of Torts § 552, as adopted by the Supreme Court of Pennsylvania in *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 866 A.2d 270, 286-86 (Pa. 2005), does not require proof of any special relationship to establish liability nor does common law negligent misrepresentation in Pennsylvania. *See Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). Introduction of such deposition testimony is thereby irrelevant and of no probative value. Given the risk of confusion posed by such non-probative information, the court also excludes it under Rule 403.

Hogan 4. Inadmissible under Fed. R. Evid. 402 and 403 for the same reasons given for exclusion of Casati 1.

Hogan 5. Hogan Dep. 198:1-11 is inadmissible as irrelevant attorney remarks and colloquy between attorneys. The remainder of this segment will be admitted.

McKenzie 6. Inadmissible under Fed. R. Evid. 402 and 403 for the same reasons given for exclusion of Casati 1.

Orlando 8. Orlando Dep. 182:14 – 184:4 is inadmissible for the same reasons given for exclusion of Casati 1. The remainder of the segments listed in Orlando 8 will be admitted based on the arguments for their relevance advanced by defendants.

Orlando 9. The court will not exclude this segment, but will subject it to the "Rule of Completeness" of Fed. R. Evid. 106. To stave off confusion of the jury, plaintiffs should select a segment from earlier in the deposition that

        explains the numbers discussed here. That segment will be played or read to the jury at the same time as Orlando 9 to ensure fairness and understanding. If the plaintiffs cannot suggest a suitable segment for this purpose, Orlando 9 will be admitted on its own.

Raim 12.    Inadmissible under Fed. R. Evid. 402. This line of questioning is irrelevant.

Spasiano 13.    Inadmissible under Fed. R. Evid. 402. The court is unable to divine the relevance of the relationships discussed in this segment or how they might make the existence of any fact of consequence more or less probable.

Spasiano 14.    Inadmissible under Fed. R. Evid. 402 and 403 for the same reasons given for exclusion of Casati 1.

Turner 16.    Inadmissible under Fed. R. Evid. 402 for the same reason given for exclusion of Spasiano 13.

Turner 17.    Inadmissible under Fed. R. Evid. 402 and 403 for the same reasons given for exclusion of Casati 1.

Warman 18.    Inadmissible under Fed. R. Evid. 602 and 701. The question here calls for speculation rather than personal knowledge and the answer suggests that the deponent is, in fact, offering a mere guess.

## II.    Plaintiffs' proposed deposition testimony objected to by defendants

Defendants have lodged objections to ninety-seven segments or groups of segments of plaintiffs' proposed deposition testimony. The same framework applies to this part as above—challenges by defendants that are unlisted here are admitted based on plaintiffs' arguments for admissibility. The court again will refer to the naming/numbering system from plaintiffs' memorandum (Docket No.146) except where the decision requires a more specific indication of statements deemed inadmissible.

Casati 3.    Inadmissible. The statements here are based on a trial exhibit deemed inadmissible without further authentication. This recorded testimony will

|  |  |
|---|---|
|  | be excluded from trial unless plaintiffs properly authenticate the exhibit. Upon suitable authentication of the exhibit, the testimony will be admitted. |
| Harrell 7. | Inadmissible for the same reason and with the same conditions as Casati 3. |
| Kennedy 16. | Inadmissible under Fed. R. Evid. 602 and 701. The deponent appears to be guessing, not giving an answer based on personal knowledge. |
| Spasiano 55. | Inadmissible under Rule 802. These statements amount to little more than the deponent recounting the statements of others. Because the court cannot intuit a showing of the deponent's state of mind, this testimony is inadmissible hearsay. |
| Spasiano 58. | Inadmissible under Fed. R. Evid. 602 and 701. This is a difficult decision because the deponent appears to be testifying from experience. However, he takes a broad question, reframes it in hypothetical terms, and concludes that the impact of the hypothetical could be spectacular—but he cannot say for certain. The court must conclude that this strays too far from the realm of personal experience, or even admissible professional opinion, and into speculation. |
| Spasiano 62. | Lines 155:8 – 155:16 are inadmissible under Fed. R. Evid. 602 and 701. The testimony in these lines appears speculative and outside the realm of personal experience or admissible professional opinion. The other lines listed in Spasiano 62 are admissible. |
| Toms 64. | Lines 114:16 – 114:18 and 114:22 – 115:5 are inadmissible. The statements therein are based on a trial exhibit deemed inadmissible without further authentication. This recorded testimony will be excluded from trial unless plaintiffs properly authenticate the exhibit. Upon suitable authentication of the exhibit, the testimony will be admitted. The remaining portions of Toms 64 are admissible regardless. |
| Toms 77. | Inadmissible under Fed. R. Evid. 402. These statements treat on a trial exhibit deemed inadmissible by the court for lack of relevance, so they too must be excluded. |

Defendants have challenged Kennedy 34, as well as the email to which the testimony refers (Pl. Ex. 580, admitted in the court's September 18 order), as both

irrelevant and unfairly prejudicial under Fed. R. Evid. 403.  Because of the shortness of time between the submission of the motions challenging evidence and the commencement of trial, the court has not undertaken to explain its decisions to admit challenged evidence (and is providing only very cursory explanations of decisions to exclude).  However, Kennedy 34 and the related email raise somewhat unusual issues, so the decision to admit them calls for some account.

Kennedy alleges in this deposition segment that counsel for the defendants telephoned him in December 2006 and delivered a veiled threat regarding his participation in this lawsuit.  The challenged exhibit consists of an email from Kennedy to counsel for the plaintiffs, purportedly sent shortly after the telephone call, recounting the alleged threats.  The defendants assert that all this evidence is irrelevant to the issues at bar and that, even were it relevant, its probative value is substantially outweighed by the risk of unfair prejudice to the defendants.  The plaintiffs argue that the conduct of defendants' counsel is attributable to the defendants themselves and amounts to an admissible statement of the weakness of the defendants' case.

As a preliminary matter, well-settled agency law and the rules of professional conduct establish that statements and conduct by counsel can be attributed to the client if made in the course of representation.  *See, e.g., Senyshyn v. Karlak*, 299 A.2d 294, 297 (Pa. 1973) (stating that, outside of a group of final "substantive" decisions that require express authority, an attorney has broad power to bind a client by admissions or acts in

5.

the course of a lawsuit); *cf.* Pa. R. Prof. Conduct 1.2(a) and Explanatory Comments [1] - [3] (limning the attorney-client relationship as a specialized form of agency). In addition, courts and commentators agree that misconduct by a party in regards to witness testimony or other evidence can stand in evidence itself as an admission of the weakness of that party's case. *McQueeny v. Wilmington Trust Co.*, 779 F.2d 916, 921 (3d Cir. 1985); 2 Wigmore, *Evidence* § 278(2) (Chadbourne rev. 1979); *McCormick on Evidence* § 265 (5th ed. 1999). Such a rule appears even more powerful and necessary when the alleged impropriety was carried out by counsel—whose acts stand in for the client and who ought, as both a badge and a positive requirement of his position as an officer of the court, to know better.

  Kennedy alleges, through his testimony and the email exhibit, that he received a telephone call from an attorney for the defendants who suggested that a loss for the attorney's clients would result in a hailstorm of recriminations and additional lawsuits. Counsel apparently insisted at the end of the call that he was not threatening Kennedy, but Kennedy felt otherwise. While it is not absolutely clear from the evidence that Kennedy received a threat, the interaction is relevant and admissible under *McQueeny*. Further, the court will not exclude the evidence under Fed. R. Evid. 403 as unfairly prejudicial. Evidence of possible misconduct in this vein may be highly probative of whether a party fundamentally doubts the strength of its own case. *McQueeny*, 779 F.2d at 992-93. In the present instance, the potential probative value of the challenged evidence is not

substantially outweighed by the potential prejudice to the defendants. Accordingly, the evidence is admissible. Defendants will, of course, have opportunities at trial to undertake to impeach or discredit the witness and/or to establish that the evidence should be given little weight by the jury.

### III.  Defendants' proposed demonstrative exhibits objected to by plaintiffs

Plaintiffs object to twenty-two of the 100+ slides that defendants intend to display during their opening statements. The court wishes to interfere as little as possible with counsel's openings, but the court has a responsibility to ensure that arguments by counsel do not undercut evidentiary rulings. The decisions with respect to the following objections refer to the slide numbers provided by the parties in their memoranda (Docket Nos. 145-46 and JA Vol. VII).

| | |
|---|---|
| Slides 1, 107. | For reasons stated in this memorandum/order and its predecessor, the mention of "special relationship" in these slides is inadmissible for lack of relevancy and risk of confusion. Defendants must excise this language from these identical slides. |
| Slide 9. | All mention and depiction of the Cayman Islands in this slide is inadmissible under Fed. R. Evid. 402 and 403. The fact of the location of UAI appears wholly irrelevant, thus of no probative value, while the risk of prejudice to the plaintiffs is palpable. The court does not object to this slide in broader terms, however. A depiction of plaintiffs' larger corporate structure, together with information on plaintiffs' gross premiums, would appear to be informative and relevant, if not highly probative. The court advises defendants that it will be necessary to "retool" this slide to focus it solely on the relevant information. |
| Slide 10. | Because this slide represents what jurors may find to be a persuasive summary of admissible facts, the court is reluctant to demand that the defendants present "the whole truth" within it. For example, if Gay & |

               Taylor served as agent to both UNG and Generali, defendants can appropriately state that G & T was UNG's agent. Accuracy, if not completeness, is required of this exhibit, however. Plaintiffs' challenge of the bulleted statement "UNG to approve settlement of all large claims" has merit in this regard. The claims handling procedure document included in Volume VII of the Joint Appendix, directly following Slide 35, does state that Generali, not UNG, had authority to settle large claims. Thus, this bulleted statement is inadmissible. If this fact actually is in dispute in this lawsuit, the bulleted statement still remains inadmissible among a list of established and supported (if not necessarily complete) factual propositions and must be presented separately as argument.

Slide 23.    Inadmissible. Defendants propounded these statements as admissions by plaintiffs. The court excluded them from evidence as part of the September 18, 2008 order on these issues. The rationale presented there applies here.

Slide 24.    Inadmissible. This slide likewise presents legal arguments from the earlier arbitration related to this matter.

Slide 26.    The court agrees that the title of this slide presents a risk of confusing the jury and inviting the kind of inappropriate speculation regarding the arbitration that the court sought to discourage through its August 7, 2008 opinion (Docket No. 140). The phrase "No Mention of Aon" in the title is thereby inadmissible.

Slide 28.    The court will allow this slide but with a caveat to counsel for both sides. This court's August 7, 2008 opinion states clearly that the court wants the jury to consider the evidence at this trial—not to try to read the minds of the UNG/RAS arbitrators. Attempts by the parties to encourage such conjecture are strongly discouraged. The court is admitting this slide because, on its face, it does present factual admissions recently advanced by the plaintiffs.

Slide 34.    Because defendants specifically refer here to record evidence, the court will apply Rule 106 and require the last statement to mention UNG/Generali as requested by plaintiffs.

Slide 36.    Inadmissible. This slide presents legal arguments from the earlier arbitration related to this matter and must be excluded under the court's August 7, 2008 opinion.

| | |
|---|---|
| Slide 45. | Inadmissible.  This slide presents legal arguments from the earlier arbitration related to this matter and must be excluded under the court's August 7, 2008 opinion. |
| Slide 52. | Inadmissible.  This slide presents legal arguments from the earlier arbitration related to this matter and must be excluded under the court's August 7, 2008 opinion. |
| Slide 68. | Inadmissible.  This slide presents legal arguments from the earlier arbitration related to this matter and must be excluded under the court's August 7, 2008 opinion. |
| Slides 90.5, 91, 92, 93, 94, 95, 96 | Inadmissible.  For reasons stated in this memorandum/order and its predecessor, the mention of "special relationship" in these slides is inadmissible for lack of relevance and risk of confusion. |

### IV.   Conclusion

AND NOW, for the reasons stated above, it is hereby ORDERED that plaintiffs' and defendants' cross-motions in limine are GRANTED IN PART and DENIED IN PART as to objections to proposed deposition testimony and proposed demonstrative exhibits.  Evidence challenged in these cross-motions will be excluded from trial only as enumerated above.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.