IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED NATIONAL INSURANCE CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AON LTD., et al., <br><br> Defendants. | Civ. No. 04-539 |

MEMORANDUM / ORDER

September 26, 2008                                                                                       Pollak, J.

The court has before it defendants' Motion for Clarification and/or Partial Reconsideration (Docket No. 154) addressing Memorandum/Orders of September 18, 2008 and September 19, 2008.  The motion seeks relief under Fed. R. Civ. P. 60(b)(1) and was filed in accordance with Local Rule 7.1(g).  Clarification – and, as appropriate, minor modification – appears sensible with respect to a few of the challenged rulings; most of the rulings, however, remain sound in the court's view and will not be reconsidered. (With respect to the aspect of the motion calling for partial reconsideration, defendants do not undertake seriously to argue that this portion of their motion meets the Third Circuit criteria for reconsideration.  *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

1.

**I.     Deposition Excerpts**

Defendants have moved the court to reexamine certain portions of deposition testimony that the court excluded under Rules 402 and 403 because the testimony probed whether a "special relationship" existed between defendants and RAS. Memorandum/Order of September 19, 2008 at 2-3. Defendants assert that those portions within the excluded segments address issues apart from the irrelevant area of questioning. The court disagrees, for the following reasons:

| | |
|---|---|
| Casati 73:23 - 74:1. | While this excerpt contains the word "advisor," the content of the question clearly points to the same "special relationship" issue that the court already has deemed irrelevant and potentially confusing. |
| Hogan 187:18-22, 188:1 | Here again, the excerpt is so closely related to the previous (and inadmissible) discussion of a special relationship just a few lines above it that the court cannot see enough of a distinction to warrant allowing this segment into evidence. In fact, this appears to be an instance of the questioner searching for signs of a "special relationship" through a more specific line of inquiry. |
| Stow 188:20-23.[1] | The reasons for denial here mirror those above. The questioning does not seek to determine if any guidance at all was provided; rather, the inquiry probes whether *special* guidance was provided (as distinguishable, it seems, from mere guidance). The focus of the questioning is on a very particular type of guidance and on whether the witness could and did provide it. Meanwhile, the law at issue requires only proof of guidance and reliance. Given that the question |

---

[1] This court's September 19 Memorandum/Order incorrectly referred to the larger segment containing these lines as "Spasiano 14." The correct label should have been "Stow 14."

|  |  |
|---|---|
|  | focuses, in truth of fact, on whether the deponent played a *special role* of any kind, this testimony remains excluded as irrelevant and confusing.  The defendants correctly argue that issues of guidance are relevant to the lawsuit, but their contentions that the (mere) mention of guidance here makes the line of questioning relevant are unsustainable. |
| Turner 219:1-10. | This also appears to be a fishing expedition for anything "special" as opposed to a relevant line of inquiry regarding whether the company furnished guidance and when.  It does not seem designed to garner information "having any tendency to make the existence of any fact of consequence to the action more probable or less probable" as required by Rule 401. |

## II.     Exhibits

Exhibit 1:  motion granted in part and denied in part.  The court admitted this exhibit under Fed. R. Evid. 1006 as a summary of voluminous information.  Plaintiffs asserted that they assembled the summaries and chart from relevant information available, or provided, to the defendants.  Defendants did not object that they did not receive the underlying documents.  Defendants' assertion in their earlier motion in limine (Docket No. 145 at 15) that this exhibit was prepared only for litigation does not undermine its admissibility under Rule 1006.

However, the defendants correctly point out that portions of this exhibit may be based on information that this court has excluded pending further authentication (Memorandum/Opinion of September 18, 2008), such as portions of Exhibit 571.  In fact, plaintiffs stated in their earlier cross-motion (Docket No. 146 at 24) that portions of the chart in Exhibit 1 are supported by Exhibit 571.  Rule 1006 cannot serve as a back door to

evidence that is otherwise inadmissible. *Eichhorn v. AT & T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). Accordingly, the court will exclude any portions of Exhibit 1 that are *specifically and solely* based on other exhibits that were specifically objected to by defendants and excluded by this court in previous orders. If the plaintiffs properly authenticate these other exhibits or otherwise cure the reasons for their exclusion, Exhibit 1 will be admitted in its entirety. If plaintiffs fail to authenticate these other exhibits, Exhibit 1 will only be admissible in a redacted form that excludes the portions that represent summaries solely generated from inadmissible evidence.

Given that the only exhibits that might meet the terms described above – being (i) specifically challenged by defendants, (ii) excluded by this court, and (iii) solely used to create summary information included in Exhibit 1 – would appear to be Plaintiffs' Exhibits 571 & 598 (as listed and numbered in Docket No. 146 at 53-54), the court would permit plaintiffs to undertake to do the following. Plaintiffs may promptly submit their own motion, along with affidavits, to properly and more-fully authenticate these exhibits. Defendants, of course, may respond. If the court deems that such proofs meet the requirements of Fed. R. Evid. 803(6) and 901(a), these exhibits may be admitted—thus eliminating any *Eichhorn* problem concerning Exhibit 1.

Exhibit 597. This exhibit was listed in defendants' memorandum (Docket No. 145 at 22), but not listed in plaintiffs' or included in the Joint Appendix. The court also received word from the plaintiffs prior to review of the cross-motions in limine that they

did not intend to introduce Exhibit 597 at trial. Consequently, the court did not review it. As correctly asserted by defendants, this means Exhibit 597 was not formally admitted by the court. As requested, the court will note that this exhibit, to date, has been withdrawn.

### III.   Demonstrative exhibits

Following this court's Memorandum/Order of September 19, 2008 (Docket No. 153), defendants rewrote four of the slides excluded under that order. They seek admission of these new versions of Slides 91, 92, 95, and 96. The court has reviewed these versions and will admit them because defendants have expunged all mention of a "special relationship" and they appear otherwise admissible.

### IV.   Conclusion

AND NOW, for the reasons stated above, it is hereby ORDERED that defendants' Motion for Clarification and/or Partial Reconsideration is GRANTED IN PART. The court has provided clarification above; and, further, the court directs that its previous rulings be AMENDED as follows:

1. Plaintiffs' Exhibit 1 is inadmissible only in the portions described above and subject to the conditions likewise described above.

2. Defendants' demonstrative slides numbered 91, 92, 95, and 96 are admissible as revised and presented to the court.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.