IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED NATIONAL INSURANCE CO., et al., <br><br>　　　　　　　Plaintiffs, <br><br> v. <br><br> AON LTD., et al., <br><br>　　　　　　　Defendants. | Civ. No. 04-539 |

**MEMORANDUM / ORDER**

December 4, 2008　　　　　　　　　　　　　　　　　　　　　　　　　Pollak, J.

In this memorandum/order, plaintiffs are referred to as "United National" and defendants referred to as "Aon" or "Howden."

On December 1, 2008, plaintiff United National and defendant Aon both orally presented, and then argued, motions pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Both motions were denied from the bench, as reflected in the transcript of the December 1 proceedings. This order embodies in writing those rulings:

1.　　United National has moved, pursuant to Rule 50(a), "for judgment ... as a matter of law on United National's claim for indemnification or, in the alternative, contribution against Aon." The motion is DENIED. There is evidence of record on the basis of which the jury can reasonably reject United National's claim that Howden engaged in negligent misrepresentation.

2. Aon has moved, under Rule 50(a), "for judgment as a matter of law ... in its favor ... on all claims." The motion is DENIED. There is evidence of record on the basis of which the jury can reasonably conclude that Howden engaged in negligent misrepresentation resulting in part, or all, of the harm suffered by RAS. Aon contends that the opinion of the Third Circuit in *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008), which includes a discussion of the Pennsylvania Supreme Court opinion in *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005), precludes a finding of liability on the part of Howden under Section 552 of the Restatement (Second) of Torts. The contention is not persuasive.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.